Per Curiam.

The reference by the court on several occasions to the fact that this was plaintiff’s counsel’s first case might well have evoked a sympathetic attitude on the part of the jury towards plaintiff. Likewise the court’s comments and interjections during defendant’s cross-examination unduly hampered and limited the defendant. Such restriction constituted reversible error. (Chopak v. Walker, 275 App. Div. 669; Clay v. Monington, 266 App. Div. 695.) The attempt by the court to erase from the minds of the jurors these remarks and comments by charging the jury accordingly did not cure the situation. A new trial is required in the interests of justice. (Buckley v. 2570 Broadway Corp., 12 A D 2d 473; Kamen Soap Prods. Co. v. Prusansky & Prusansky, 11 A D 2d 676.)
The judgment should be unanimously reversed and a new trial granted, with $30 costs to defendant to abide the event.
Concur — Hart, Brown and Benjamin, JJ.
Judgment reversed, etc.